## Sakson v. Finlayson

*James G. Colleran,* for plaintiffs.

*Joseph C. Kreder, Gerald G. Dolphin, Guy A. Solfanelli* and *William J. Nealon,* for defendants.

EAGEN, J., June 20, 1955.—This action arose out of an automobile accident wherein the wife plaintiff was seriously and painfully injured. The jury returned a verdict in favor of the husband in the amount of $5,500 and in favor of the wife in the amount of $19,230. Defendants seek a new trial.

The accident occurred as the wife plaintiff was walking on an unimproved sidewalk adjacent to a macadam highway in her home town of Jessup. The automobile operated by defendant, Finlayson, and owned by defendant, Craven, who was sitting alongside of the driver, left the improved portion of the highway, ran over several feet onto the sidewalk where the wife plaintiff was walking, striking her and knocking her to the ground. It was a hit and run case, the automobile and its occupants failing to stop and render any possible assistance.

During the process of the trial and the taking of the testimony an article appeared in one of the daily newspapers giving in detail an account of the happening of the accident, mentioning the amount of damages sought in plaintiffs' complaint, referring to Finlayson's incarceration in the county jail on criminal charges resulting from his failure to stop at the scene following the accident and also referring to a declaratory judgment proceeding previously instituted by an insurance company, which left the impression that the automobile involved was covered by insurance for any liability to plaintiffs.

Defendants' counsel promptly moved for a mistrial alleging prejudice. This was refused by the trial judge. This ruling and the contention that the verdict was excessive are the two reasons assigned in support of the motion for a new trial.

The court is unanimous in its conclusion that the motion should be denied.

It is a rare experience for a local newspaper not to carry detailed reports of the progress of important court trials, both civil and criminal. This is interesting news about which the public has the right to know and the newspapers have the right to print. Not to do so would be a failure in responsibility. It also involves

one of the basic and cherished elements of our free democracy, "The Freedom of the Press", which should never be curtailed.

We cannot and would not if we could muzzle the press of the county and if civil trials must be stopped just because of comments in a newspaper, it would be a severe blow to the administration of justice.

With regard to the jury's knowledge that an insurance company was involved, we cannot see how in this day and age any jury may be expected not to know or at least surmise that such a situation exists. Any other view is very unrealistic. Then again, the danger was invited by the insurance company when it previously filed the petition for a declaratory judgment, an important and novel court proceeding, which naturally received wide newspaper coverage.

We feel the issue received fair and impartial consideration from an intelligent jury. We do not believe any prejudice resulted from the news article concerning the trial. How the verdict under the evidence could be anything but against defendants in a substantial amount is beyond all reasonable understanding. The facts warranted such a finding and practically no defense was offered.

As to the amounts of the verdicts, we think they were generous but not excessive and the award to the wife plaintiff was definitely supported by the serious injury she suffered. At the time of trial, approximately 14 months after the accident she was still totally disabled, and will undoubtedly remain so for many months in the future. She will undoubtedly be substantially disabled for the remaining period of her life.

The amount of the verdict is comparable to that given in Kane v. Scranton Transit Company, 372 Pa. 496, wherein the injuries sustained were no more serious.

Therefore, June 20, 1955, a new trial is refused, the rule to show cause discharged and the prothonotary is directed to enter a judgment upon the verdict.